```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (ST. BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

```
BOARD OF TRUSTEES OF THE BAY AREA ROOFERS   )
HEALTH & WELFARE TRUST FUND, PACIFIC COAST  )   NO. C 08 1612 MEJ
ROOFERS PENSION PLAN, EAST BAY/ NORTH BAY   )
ROOFERS VACATION TRUST FUND, BAY AREA       )
COUNTIES ROOFING INDUSTRY PROMOTION FUND,   )
BAY AREA COUNTIES ROOFING INDUSTRY          )   COMPLAINT
APPRENTICESHIP TRAINING FUND; BRUCE LAU,    )
TRUSTEE,                                    )
                                            )
                       Plaintiffs,          )
                                            )
            vs.                             )
                                            )
ROYCE B PETERSON ROOFING INC., a California )
corporation doing business as PETERSON &    )
JENKINS ROOFING COMPANY,                    )
                                            )
                                            )
                       Defendant.           )
                                            )
_____)
```

Plaintiffs complain of defendant and for a cause of action allege that:

1.  Jurisdiction of this Court is founded upon Section 301 (c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining

COMPLAINT
-1-

agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiffs, BOARD OF TRUSTEES OF THE BAY AREA ROOFER HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND, (hereinafter "Trust Fund"), named in the caption are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff Bruce Lau is a trustee. Said Trust Fund is authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3. Plaintiffs are informed and believe and thereupon allege that defendant, ROYCE B PETERSON ROOFING INC., resides and does business in Redwood City, California. The collective bargaining agreement was entered into in San Jose, CA. Performance of the to pay fringe benefits set forth in the collective bargaining agreement is in this judicial district. ERISA specifically authorizes Trust Funds to bring this action in the district where the plans are administered, 29 U.S.C. §1132(e)(2); the plans are administered in the Northern District of California.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendant and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto, defendant was bound by a written collective bargaining agreement with Local 40, of the United Union of Roofers, Waterproofers and Allied Workers, labor organizations in an industry affecting commerce. The aforesaid agreement provides that defendant shall make contributions to the TRUST FUNDS on behalf of defendant's employees on a regular basis on all hours worked, and that defendant shall be bound to and abide by all the provisions of the respective Trust Agreement and Declarations of Trust of said TRUST FUND (hereinafter the "Trust Agreement").

6. The TRUST FUNDS rely upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that they are liable to pay each month, and have a fiduciary obligation to accurately report the amount to the TRUST FUNDS.

7. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUNDS in a timely manner. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Defendant has failed and refused to pay in a timely manner since August 2007. Pursuant to the terms of the collective bargaining agreements, there is now due, owing and unpaid from defendant to the TRUST FUNDS contributions for hours worked by covered employees for the month of August 2007 through present and liquidated damages and interest which are specifically provided for by said

agreements. The total amount due is unknown; additional monthly amounts will become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. The total amount due in this paragraph is unknown at this time, except to the defendant.

9. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUND or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 8 above.

10. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreement, and defendant refuses to make such payments in a timely manner.

11. The Trust Funds does not at this time seek to audit the books and records of defendant. The only issue raised in this complaint is defendant's failure to complete and file voluntary monthly reports and pay the contributions due. The Trust Fund seeks to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

12. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,

1 as attorneys to prosecute the within action, and reasonable
2 attorneys' fee should be allowed by the Court on account of the
3 employment by plaintiffs of said attorneys.

4      WHEREFORE, plaintiffs pray:

5      1.  That the Court render a judgment on behalf of plaintiffs
6 for all contributions due and owing to the date of judgment based upon
7 unaudited reporting forms, plus liquidated damages provided for by the
8 contract, interest at the legal rate, reasonable attorneys' fees
9 incurred in prosecuting this action and costs.

10     2.  That the Court enjoin the defendant from violating the
11 terms of the collective bargaining agreements and the Trust Agreement
12 for the full period for which defendant is contractually bound to file
13 reports and pay contributions to the TRUST FUND.

14     3.  That the Court reserve plaintiffs' contractual right to
15 audit defendant for months prior to judgment, and in the event of such
16 audit, collect any additional sums which may be due.

17     4.  That the Court retain jurisdiction of this cause pending
18 compliance with its orders.

19     5.  For such other and further relief as the Court deems
20 just and proper.

21 DATED: March 24, 2008           ERSKINE & TULLEY
                                   A PROFESSIONAL CORPORATION

                                   By:/s/Michael J. Carroll
                                      Michael J. Carroll
                                      Attorneys for Plaintiffs

COMPLAINT
-5-